1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7
8
9   JANNETH CASTRO,                                No. C 09-0030 PJH

            Plaintiff,                             **ORDER GRANTING MOTION**
10                                                 **TO DISMISS**
            v.
11
    SAXON MORTGAGE SERVICES, INC.,
12  OLD REPUBLIC DEFAULT MANAGEMENT
    SERVICES, and DOES 1 through 50,
13  inclusive,
14          Defendants.
    _____/
15
            Before the court is a motion to dismiss filed by defendant Saxon Mortgage Services,
16
    Inc. ("Saxon"), which plaintiff Janneth Castro ("plaintiff") did not oppose.  Nor did plaintiff file
17
    a statement of non-opposition pursuant to Civil Local Rule 7-3.  Because the court finds
18
    that oral argument is unnecessary and would not be helpful, the hearing date of February
19
    25, 2009 is VACATED pursuant to Civil Local Rule 7-1(b).  For the reasons stated below,
20
    the court GRANTS Saxon's motion.
21
                                        **BACKGROUND**
22
            This action arises out of the initiation of a non-judicial foreclosure sale of real
23
    property purchased by plaintiff.  Plaintiff is a resident of Alameda County, California and the
24
    owner of real property located at 2058-2060 B Street, Hayward, California 94541 (the
25
    "property").  Compl. ¶ 6.  Defendant Old Republic Default Management Services ("Old
26
    Republic") is the trustee pursuant to the deed of trust recorded on July 7, 2006.  Id. ¶ 2,
27
    Exh. 1.  Defendant Saxon is a business entity unknown to plaintiff.  Id.  Apparently, Saxon
28
    is the servicer of plaintiff's loan.

1      At some unknown time, plaintiff defaulted on the payments due on her loan.  Compl.,

2   Exh. 1.  On November 25, 2008, a non-judicial foreclosure was initiated when a Notice of

3   Trustee's Sale was recorded by Old Republic.  Id.   On December 9, 2008, plaintiff

4   commenced the instant action against Saxon, Old Republic and various unnamed

5   defendants in the Superior Court of California, County of Alameda, generally alleging that

6   Saxon has improperly initiated, or directed Old Republic to initiate, a trustee's sale of the

7   property.  Compl. ¶¶ 2-3, 7-8.  More specifically, plaintiff alleges that Saxon does not have

8   a legal right to foreclose, or to direct Old Republic to foreclose, on the property because

9   Saxon is not the holder of the note secured by a deed of trust on the property or in

10   possession of the note properly endorsed to it.  Id.  ¶¶ 7-8.  Plaintiff has allegedly notified

11   Old Republic of her view that Saxon has no right to foreclose, and has requested that Old

12   Republic suspend the foreclosure sale "unless and until it has obtained proof that [Saxon]

13   actually has in its possession the original note properly endorsed to it or assigned to it as of

14   a date preceding the notice of default recorded by [Old Republic]."  Id.  ¶ 8.  Old Republic

15   has not suspended its foreclosure activities or provided plaintiff with the requested proof.

16   Id.

17      Plaintiff further alleges that Saxon and Old Republic's conduct in this case is part of

18   a "pattern and practice of utilizing the non-judicial foreclosure procedures of this State to

19   foreclose on properties when they do not, in fact, have the right to do so, knowing that the

20   property owners affected do not have the knowledge or means to contest the right of said

21   Defendants to do so."  Compl. ¶ 9 .  Plaintiffs assert that they have demanded proof from

22   Saxon and Old Republic "of their right to proceed with the foreclosure in writing," as well as

23   "a detailed accounting of how the stated amount necessary to be paid to redeem the

24   property from foreclosure has been calculated so that Plaintiff could adequately evaluate

25   Plaintiff's rights under the law with Plaintiff's presale right of redemption."  Id. ¶¶ 10-11.

26   Plaintiff alleges that Saxon and Old Republic's response "has been so inadequate so as to

27   prevent Plaintiff from determining whether any or all of the charges included in their payoff

28   demand were justified, appropriate and proper under the terms of the obligation evidenced

by the [deed of trust]."  Id. ¶ 11.

1    Plaintiff's complaint alleges three causes of action, asserting the following claims for

2  relief: (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); (2)

3  California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ.Code § 1788 *et seq.*

4  ("RFDCPA"); (3) the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*

5  ("RESPA"); (4) the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1639

6  ("HOEPA"); (5) the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"), Regulation Z, 12

7  C.F.R. 226; (5) the Federal Trade Commission Act, 15 U.S.C. § 41 *et seq.* ("FTC Act"); and

8  (6) the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et*

9  *seq.* ("RICO").

10    On January 6, 2009, the action was removed on the basis of federal question

11  jurisdiction.  On January 13, 2009, Saxon moved to dismiss pursuant to Rule 12(b)(6) of

12  the Federal Rules of Civil Procedure, arguing that each and every claim alleged in the

13  complaint should be dismissed for failure to state a claim.  Saxon further argues that

14  plaintiff's fraud-based allegations fail to satisfy the heightened pleading standard required

15  by Rule 9(b) of the Federal Rules of Civil Procedure.  Plaintiffs did not file an opposition.

16                                   **DISCUSSION**

17  A.    Legal Standard

18    "A Rule 12(b)(6) motion tests the legal sufficiency of a claim.  A claim may be

19  dismissed only 'if it appears beyond doubt that the plaintiff can prove no set of facts in

20  support of his claim which would entitle him to relief.' "  Navarro v. Block, 250 F.3d 729, 732

21  (9th Cir. 2001).  Dismissal pursuant to Rule 12(b)(6) is appropriate where there is no

22  cognizable legal theory or there is an absence of sufficient facts alleged to support a

23  cognizable legal theory.  Id.  The issue is not whether a plaintiff is likely to succeed on the

24  merits but rather whether the claimant is entitled to proceed beyond the threshold in

25  attempting to establish his or her claims.  De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir.

26  1978).  In evaluating a motion to dismiss, all allegations of material fact are taken as true

27  and construed in the light most favorable to the nonmoving party.  See, e.g., Burgert v.

28  Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted).

The court, however, is not required to accept as true allegations that are merely conclusory,

1   unwarranted deductions of fact, or unreasonable inferences.  Sprewell v. Golden State

2   Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Nor do courts assume the truth of legal

3   conclusions merely because they are cast in the form of factual allegations,  Western

4   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), or that a plaintiff can prove facts

5   different from those it has alleged.  Associated Gen. Contractors of California, Inc. v.

6   California State Council of Carpenters, Inc., 459 U.S. 519, 526 (1983).  In deciding a Rule

7   12(b)(6) motion, the court generally looks only to the face of the complaint and documents

8   attached thereto.  Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir.

9   2002); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n. 19

10  (9th Cir. 1989).

11          To survive a motion to dismiss for failure to state a claim, a complaint generally must

12  satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

13  Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the

14  claim showing that the pleader is entitled to relief."  Fed.R.Civ.P 8(a)(2).  Specific facts are

15  unnecessary - the statement need only give the defendant "fair notice of the claim and the

16  grounds upon which it rests."  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell

17  Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)).  In order to survive a dismissal

18  motion, a plaintiff must allege facts that are enough to raise her right to relief "above the

19  speculative level."  Id. at 1965.  While the complaint "does not need detailed factual

20  allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his

21  'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic

22  recitation of the elements of a cause of action will not do."  Id. at 1964-65.  In short, a

23  plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not

24  just conceivable.  Id. at 1974.

25  B.    Legal Analysis

26          1.    First Cause of Action: Unfair Debt Collection Practices

27          Plaintiffs first cause of action entitled, "Unfair Debt Collection Practices," generally

28  alleges that Saxon violated the FDCPA, RFDCPA and RESPA.  However, as pointed out by

    Saxon, because the complaint does not identify the specific provisions of the FDCPA,

1  RFDCPA or RESPA that Saxon allegedly violated, or the manner in which Saxon's conduct

2  allegedly violated these provisions, plaintiff has not satisfied the minimal notice pleading

3  requirements under Rule 8.[1]  While Rule 8 only requires that a complaint include a "short

4  and plain statement of the claim showing that the pleader is entitled to relief," the complaint

5  must contain allegations putting defendant on fair notice of the claims asserted and the

6  grounds upon which they rest.  Neither Saxon nor the court need speculate as to which

7  provisions plaintiff is suing under, or how Saxon violated these provisions.  Vague

8  allegations containing mere labels and conclusions are insufficient to survive a motion to

9  dismiss.  See Twombly, 127 S.Ct. at 1964-65.  In short, dismissal of this cause of action is

10 warranted because plaintiff did not allege sufficient facts to raise her right to relief above

11 the speculative level insofar as she neither identified the applicable provisions she seeks

12 relief under nor alleged sufficient facts to support her "belief" that Saxon violated the

13 FDCPA, RFDCPA and RESPA.  In addition, the court notes that plaintiff failed to state

14 cognizable claims for relief under the FDCPA or RFDCPA insofar as the complaint does not

15 allege that Saxon is a debt collector, collecting a debt within the meaning of the FDCPA or

16 the RFDCPA.  See Izenberg v. ETS Services, LLC, 589 F.Supp.2d 1193, 1199 (C.D. Cal.

17 2008) (finding that foreclosure does not constitute debt collection under the FDCPA or the

18 RFDCPA).

19        Moreover, to the extent plaintiff contends that the foreclosure proceedings are not

20 permitted by law because Saxon is not the holder of the note identified in the security

21 instrument or in possession of the note properly endorsed to it or assigned to it, the court

22 notes that it appears that plaintiff is merely speculating that Saxon has initiated, or directed

23 Old Republic to initiate, the foreclosure proceedings and is not in a legal position to do so

24 due to an invalid assignment of rights or otherwise.  Plaintiff did not plead any facts in

25 support of this contention; rather, she relies upon mere "information and belief."  Such

26 pleading does not raise plaintiff's right to relief above a speculative level to survive a motion

27

28 _____

   [1] To the extent plaintiff alleges that Saxon violated the RFDCPA, "including but not
   limited to Civil Code § 1788(e) and (f)," the court notes that these subsections do not exist.

5

1   to dismiss.  Plaintiff's complaint does not contain facts demonstrating that Saxon is

2   prohibited from proceeding with non-judicial foreclosure.  Instead, plaintiff's complaint

3   contains unsubstantiated, sweeping legal conclusions.

4        Accordingly, plaintiff's first cause of action is dismissed for failure to state a claim.

5   Because amendment would be futile with respect to plaintiff's claims under the FDCPA and

6   RFDCPA, these claims are dismissed with prejudice.  See Izenberg, 589 F.Supp.2d at

7   1199 (finding that foreclosure does not constitute debt collection under the FDCPA or the

8   RFDCPA).

9        2.      Second Cause of Action: Predatory Lending Practices

10        Plaintiff's second cause of action entitled "Predatory Lending Practices," generally

11   alleges that Saxon violated the HOEPA, TILA, Regulation Z, 12 C.F.R. 226 and the FTC

12   Act.  As with plaintiff's first cause of action, the complaint does not identify the specific

13   provisions of the HOEPA, TILA, Regulation Z, 12 C.F.R. 226 or the FTC Act that Saxon

14   allegedly violated, or the manner in which Saxon's conduct allegedly violated these

15   provisions.  As such, plaintiff's allegations in support of this cause of action are insufficient

16   to survive a motion to dismiss.  See Twombly, 127 S.Ct. at 1964-65.  In fact, as pointed out

17   by Saxon, the allegations of wrongdoing in support of this cause of action are directed at

18   New Century Mortgage, a third party not named as a defendant in this action.  Specifically,

19   plaintiff alleges, on information and belief, that "New Century Mortgage, the initial lender,

20   has engaged in predatory lending practices with respect to Plaintiff in violation of [the

21   HOEPA, TILA, Regulation Z, 12 C.F.R. 226, and the FTC Act], the specifics of which are

22   unknown, but which are subject to discovery and with respect to which the specifics will be

23   alleged by amendment to this complaint when ascertained."  Plaintiff further alleges that

24   "[o]ne or more of the predatory lending practices referred to in the previous paragraph

25   permit, under the law, one or more defenses or remedies, the specifics of which will be

26   alleged by amendment to this complaint when ascertained."  While plaintiff alleges that

27   New Century Mortgage committed unspecified acts which violated unspecified provisions of

28   federal law, plaintiff does not allege that any of the named defendants, including Saxon,

1   engaged in conduct violating specific provisions of the HOEPA, TILA, Regulation Z, 12

2   C.F.R. 226, or the FTC Act.  Nor does plaintiff allege facts indicating how Saxon can be

3   held liable for any unlawful conduct allegedly engaged in by New Century Mortgage.

4           Accordingly, plaintiff's second cause of action is dismissed for failure to state a

5   claim.  Because amendment would be futile with respect to plaintiff's claim under the FTC

6   Act, this claim is dismissed with prejudice.  See Izenberg, 589 F.Supp.2d at 1200-01, n. 20

7   (noting that the FTC Act does not provide a private right of action).

8           3.      Third Cause of Action: RICO Violations

9           Plaintiff's third cause of action entitled "RICO Violations," generally alleges that

10  Saxon violated various provisions of RICO, including attempts to collect unlawful debts in

11  violation of 18 U.S.C. §§ 1962(b), (d),[2] mail fraud as defined in § 1341 in violation of §

12  1961(a)(1), interference with commerce, robbery, or extortion as defined under § 1951 in

13  violation of § 1961(a)(1), and fraud in the sale of securities in violation of § 1961(a)(1).[3]

14          "The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise

15  (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing

16  injury to plaintiff's business or property."   Living Designs, Inc. v. E.I. Dupont de Nemours &

17  Co., 431 F.3d 353, 361 (9th Cir. 2005) (internal quotation marks and citation omitted).  The

18  causation element requires a showing that the conduct constituting the violation was both

19  the "but for" and proximate cause of a concrete financial injury.  Forsyth v. Humana, Inc.,

20  114 F.3d 1467, 1481 (9th Cir. 1997).

21

22

23          [2] Section 1962(b) provides:

24
            It shall be unlawful for any person through a pattern of racketeering activity
25          or through collection of an unlawful debt to acquire or maintain, directly or
            indirectly, any interest in or control of any enterprise which is engaged in,
26          or the activities of which affect, interstate or foreign commerce.

27  Section 1962(d) provides: "It shall be unlawful for any person to conspire to violate any of the
    provisions of subsection (a), (b), or (c) of this section."

28          [3] To the extent plaintiff alleges that Saxon violated § 1961(a)(1), the court notes that this
    subsection does not exist.

1    Plaintiff neither recites these elements, nor does she allege specific facts as to these

2  elements.  Instead, plaintiff generally alleges that defendants have engaged in a "pattern

3  and practice of utilizing the non-judicial foreclosure procedures of this State to foreclose on

4  properties when they do not, in fact, have the right to do so."  Plaintiff also alleges that

5  defendants "have utilized the United States mail in furtherance of their conspiracy to . . .

6  unlawfully collect on negotiable instruments when they [are] not entitled . . . to do so."

7  Plaintiff further alleges that she "believes" that "Defendants and each of them are engaged

8  in a pattern and practice to obtain title of property without compliance and in violation of

9  Article 3 of the California Commercial Code and in fact attempt to circumvent perfecting

10  negotiable instruments as mandated under applicable law.  In doing things herein alleged,

11  Defendants are engaged in criminal activity to obtain title to subject property."  These

12  vague allegations of wrongdoing are insufficient to survive a motion to dismiss.  See

13  Twombly, 127 S.Ct. at 1964-65.  Plaintiff fails to allege with any specificity the existence of

14  a RICO enterprise,[4] or the pattern of racketeering activity, i.e., predicate acts, that form the

15  basis of the alleged "scheme of racketeering."  See Izenberg, 589 F.Supp.2d at 1203-04

16  (finding plaintiffs' pleading of a RICO claim deficient where, among other things, plaintiff

17  failed to plead precisely the enterprise alleged and expressly identify any RICO predicate

18  acts).

19    In addition, plaintiff fails to allege a concrete injury.  Specifically, plaintiff alleges that

20  she has "been damaged in having to hire attorneys before bringing this action and [in]

21  bring[ing] this action . . . and will have to incur attorney[']s fees to stop the wrongful acts of

22

23    [4]  Section 1961(4) defines "enterprise" as "any individual, partnership, corporation,
24  association, or other legal entity, and any union or group of individuals associated in fact
although not a legal entity."  An enterprise "is proved by evidence of an ongoing organization,
formal or informal, and by evidence that the various associates function as a continuing unit."
25  United States v. Turkette, 452 U.S. 576, 583 (1981).  Plaintiff fails to sufficiently allege the
existence of an "ongoing organization" that functions as a "continuing unit" to collect and
26  foreclose on mortgages illegally.  Plaintiff identifies Saxon as the entity that has directed or is
directing Old Republic to foreclose on her property.  Plaintiff, however, fails to identify any
27  other attempted foreclosure or loan collection activities, nor does she describe a continuing
relationship between Saxon, Old Republic and the other unnamed defendants. Nor does she
28  allege the existence of an ongoing organization-formal or informal-among Saxon, Old Republic
and the other unnamed defendants.

8

1   the Defendants."  Plaintiff further alleges that defendants "added costs and charges to the

2   payoff amount of the note that were not justified or proper under the terms of the note of

3   the law."  These allegations do not establish a concrete financial injury.  See id. at 1204-05

4   (finding that plaintiffs' claim to legal fees relating to the filing and litigating of a RICO action

5   and allegations of prospective injuries, including having to pay more money than is owed

6   on their mortgage, do not satisfy RICO's concrete financial injury requirement).

7         Furthermore, to the extent that plaintiff seeks to predicate her RICO claim on the

8   collection of unlawful debt, she fails to allege any facts establishing collection of an

9   "unlawful debt."  An "unlawful debt" means a debt (a) incurred or contracted in gambling

10   activity which was in violation of the law; and (b) which was incurred in connection with the

11   business of gambling in violation of the law or the business of lending money at a usurious

12   rate at least twice the enforceable rate. 18 U.S.C. § 1961(6).  It does not appear that the

13   debt at issue here falls within the definition of § 1961(6).  In addition, to the extent plaintiff

14   seeks to predicate her RICO claim on mail fraud, she fails to satisfy the heightened

15   pleading standard under Rule 9(b).  Lancaster Community Hospital v. Antelope Valley

16   Hospital District, 940 F.2d 397, 405 (9th Cir. 1991) (predicate acts of mail fraud and wire

17   fraud must be alleged with particularity under Rule 9(b)).  The conclusory allegations that

18   Saxon "participated in a scheme of racketeering" in violation of RICO, including "mail

19   fraud," does not satisfy the heightened pleading requirement under Rule 9(b).  See

20   Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)  (holding that the rule requires "facts

21   as [to] the times, dates, places, benefits received, and other details of the alleged

22   fraudulent activity").  Finally, to the extent plaintiff seeks to predicate her RICO claim on

23   "fraud in the sale of securities," she fails to state a cognizable claim.  A civil RICO claim

24   cannot be based on predicate acts that sound in securities fraud.  See Howard v. America

25   Online Inc., 208 F.3d 741, 749-50 (9th Cir. 2000).

26         Accordingly,  plaintiff's third cause of action is dismissed for failure to state a claim.

27   Because amendment would be futile with respect to plaintiff's claim under RICO predicated

28   on fraud in the sale of securities, this claims is dismissed with prejudice.

1

**CONCLUSION**

2       For the reasons stated above, plaintiff's first through third causes of action are

3 dismissed.  Because amendment would be futile with respect to plaintiff's claims under the

4 FDCPA, RFDCPA and the FTC Act, as well as plaintiff's claim under RICO predicated on

5 fraud in the sale of securities, these claims are dismissed with prejudice.  Plaintiff shall file

6 a first amended complaint with respect to the other claims or a statement indicating that

7 she abandons these claims no later than March 18, 2009.  The first amended complaint

8 must comply with Rule 8 and Rule 9(b).  If the first amended complaint is either filed

9 untimely or lacks a cognizable claim, this action with be dismissed with prejudice.

10      **IT IS SO ORDERED.**

11 Dated: February 24, 2009

12

13

_____

14 PHYLLIS J. HAMILTON
United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10