1

2

3                          UNITED STATES DISTRICT COURT

4                        NORTHERN DISTRICT OF CALIFORNIA

5

6

7

JANNETH CASTRO,                                      No. C 09-0030 PJH
8
                  Plaintiff,                          **ORDER GRANTING MOTION
9                                                      TO EXPUNGE; AND DISMISSING
         v.                                            ACTION WITH PREJUDICE**
10
SAXON MORTGAGE SERVICES, INC.,
11  OLD REPUBLIC DEFAULT MANAGEMENT
    SERVICES, and DOES 1 through 50,
12  inclusive,

13                Defendants.
    _____/
14
         Before the court is defendant Saxon Mortgage Services, Inc.'s ("Saxon") motion to
15
    expunge the notice of pendency of action recorded on Janneth Castro's ("plaintiff") real
16
    property or, in the alternative, to require plaintiff to post a bond as a condition of
17
    maintaining the notice of pendency of action.  Plaintiff did not oppose the motion.  Nor did
18
    she file a statement of non-opposition pursuant to Civil Local Rule 7-3.  Also before the
19
    court is Saxon's request for an order dismissing this action with prejudice, which plaintiff did
20
    not oppose.  Because the court finds that oral argument is unnecessary and would not be
21
    helpful, the hearing date of April 1, 2009 is VACATED pursuant to Civil Local Rule 7-1(b).
22
    For the reasons stated below, the court GRANTS Saxon's motion to expunge and
23
    DISMISSES this action with prejudice.
24
                                         **BACKGROUND**
25
         This action arises out of the initiation of a non-judicial foreclosure sale of real
26
    property purchased by plaintiff.  Plaintiff is a resident of Alameda County, California and the
27
    owner of real property located at 2058-2060 B Street, Hayward, California 94541 (the
28
    "property").  Compl. ¶ 6.  Defendant Old Republic Default Management Services ("Old

1    Republic") is the trustee pursuant to the deed of trust recorded on July 7, 2006. <u>Id.</u> ¶ 2,

2    Exh. 1. Defendant Saxon is a business entity unknown to plaintiff. <u>Id.</u> Apparently, Saxon

3    is the servicer of plaintiff's loan.

4          At some unknown time, plaintiff defaulted on the payments due on her loan. Compl.,

5    Exh. 1. On November 25, 2008, a non-judicial foreclosure was initiated when a Notice of

6    Trustee's Sale was recorded by Old Republic. <u>Id.</u> On December 9, 2008, plaintiff

7    commenced the instant action against Saxon, Old Republic and various unnamed

8    defendants in the Superior Court of California, County of Alameda, generally alleging that

9    Saxon has improperly initiated, or directed Old Republic to initiate, a trustee's sale of the

10   property. Compl. ¶¶ 2-3, 7-8. Specifically, plaintiff's complaint alleges three causes of

11   action, asserting that defendants violated: (1) the Fair Debt Collection Practices Act, 15

12   U.S.C. § 1692 *et seq.* ("FDCPA"); (2) California's Rosenthal Fair Debt Collection Practices

13   Act, Cal. Civ.Code § 1788 *et seq.* ("RFDCPA"); (3) the Real Estate Settlement Procedures

14   Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"); (4) the Home Ownership and Equity Protection

15   Act of 1994, 15 U.S.C. § 1639 ("HOEPA"); (5) the Truth in Lending Act, 15 U.S.C. § 1601

16   ("TILA"), Regulation Z, 12 C.F.R. § 226; (6) the Federal Trade Commission Act, 15 U.S.C.

17   § 41 *et seq.* ("FTC Act"); and (7) the Federal Racketeer Influenced and Corrupt

18   Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO").

19         On January 2, 2009, a notice of pendency of action ("lis pendens") was recorded on

20   the property in the Official Records of Alameda County, California as Instrument No.

21   2009000721, giving notice that this action "affects title and the right to possession of" the

22   property. Exh. 1, attached to Saxon's Mtn. to Expunge Notice of Pendency of Action or

23   Require a Bond.[1] On January 6, 2009, this action was removed on the basis of federal

24   question jurisdiction. Saxon moved for dismissal on January 13, 2009. On February 17,

25   2009, Saxon filed the instant motion, seeking an order expunging the lis pendens notice or,

26

27

28
          [1] Although Saxon did not ask this court to take judicial notice of this document, the court
     will nonetheless do so given that it is a matter of public record and its accuracy is not subject
     to reasonable dispute. <u>See</u> Fed.R.Evid. 201(b); <u>W. Fed. Sav. v. Heflin</u>, 797 F.Supp. 790, 792
     (N.D. Cal. 1992).

1  in the alternative, requiring plaintiff to post a bond as a condition of maintaining the lis

2  pendens.

3          On February 24, 2009, the court issued an Order dismissing plaintiff's first through

4  third causes of action for failure to state a claim upon which relief may be granted.  The

5  court ordered plaintiff to either file an amended complaint or a statement indicating that she

6  abandoned her remaining claims no later than March 18, 2009.  The court also cautioned

7  plaintiff that "[i]f the first amended complaint is either filed untimely or lacks a cognizable

8  claim, this action will be dismissed with prejudice."  To date, plaintiff has not filed an

9  amended complaint or a statement indicating that she abandons her remaining claims.

10                                          **DISCUSSION**

11  A.     Legal Standard

12          Pursuant to California Code of Civil Procedure § 405.20, "[a] party to an action who

13  asserts a real property claim may record a notice of pendency of action [lis pendens] in

14  which that real property claim is alleged."  See also Kirkeby v. Superior Court of Orange

15  County, 33 Cal.4th 642, 647 (2004).[2]  The purpose of a lis pendens notice is to provide

16  constructive notice of a pending claim that may affect title or right to possession of the real

17  property described in the lis pendens notice.  See La Paglia v. Superior Court, 215

18  Cal.App.3d 1322, 1326 (1989) (setting forth the history and purpose of lis pendens

19  statutes), *abrogated on other grounds* by Lewis v. Superior Court, 19 Cal.4th 1232, 1258

20  (1999); Kirkeby, 33 Cal.4th at 647.  "Its effect is that anyone acquiring an interest in the

21  property after the action was filed will be bound by the judgment."  BGJ Associates, LLC v.

22  Superior Court, 75 Cal.App.4th 952, 966 (1999).

23          " 'While the lis pendens statute was designed to give notice to third parties and not

24  to aid plaintiffs in pursuing claims, the practical effect of a recorded lis pendens is to render

25  _____

26          [2]  Section 405.20 provides:

27          A party to an action who asserts a real property claim may record a notice
           of pendency of action in which that real property claim is alleged.  The notice
28          may be recorded in the office of the recorder of each county in which all or part
           of the real property is situated.  The notice shall contain the names of all parties
           to the action and a description of the property affected by the action.

   Cal. Code Civ.Proc. § 405.20.

                                                3

1  a defendant's property unmarketable and unsuitable as security for a loan.  The financial

2  pressure exerted on the property owner may be considerable, forcing him to settle not due

3  to the merits of the suit but to rid himself of the cloud upon his title.  The potential for abuse

4  is obvious.' " Kirkeby, 33 Cal.4th at 651 (quoting La Paglia, 215 Cal.App.3d at 1326); see

5  also Amalgamated Bank v. Superior Court, 149 Cal.App.4th 1003, 1011 (2007) (A lis

6  pendens notice "acts as a cloud against the property, effectively preventing sale or

7  encumbrance until the litigation is resolved or the lis pendens is expunged.").  "Because of

8  the effect of a lis pendens, '[t]he history of the lis pendens legislation indicates a legislative

9  intent to restrict rather than broaden the application of the remedy.' " Kirkeby, 33 Cal.4th at

10  651 (quoting Urez Corp. v. Superior Court, 190 Cal.App.3d 1141, 1145 (1987)).

11      A property owner may remove an improperly recorded lis pendens by bringing a

12  motion to expunge.  Kirkeby, 33 Cal.4th at 647 (citing Cal. Code Civ.Proc. § 405.30).[3]

13  There are several statutory bases for expungement of a lis pendens, including that the

14  claimant's (party recording the notice of lis pendens) pleadings, on which the lis pendens is

15  based, do not contain a real property claim.  See Cal. Code Civ.Proc. § 405.31 ("the court

16  shall order the notice expunged if the court finds that the pleading on which the notice is

17  based does not contain a real property claim"); see also Kirkeby, 33 Cal.4th at 647 (if

18  claimant's pleading does not properly plead a real property claim, the lis pendens must be

19  expunged); Gale v. Superior Court, 122 Cal.App.4th 1388, 1398 (2004) (unless a pleading

20  sets forth a real property claim, a notice of lis pendens must be expunged, regardless of

21  any bond).

22      The question of whether a pleading states a real property claim is tested by a

23  "demurrer-like analysis" that centers on the adequacy of the pleading.  Kirkeby, 33 Cal.4th

24  at 647-48.  Put simply, if a claimant properly pleads a real property claim, she can file a

25  notice of lis pendens; if she doesn't, she can't.  Gale, 122 Cal.App.4th at 1395.  "[W]hen a

26  motion to expunge is brought, the burden is on the party opposing the motion to show the

27

28
        [3] Section 405.30 provides, in part: "At any time after notice of pendency of action has
    been recorded, any party, or any nonparty with an interest in the real property affected thereby,
    may apply to the court in which the action is pending to expunge the notice."  Cal. Code
    Civ.Proc. § 405.30.

1    existence of a real property claim." <u>Kirkeby</u>, 33 Cal.4th at 647 (citing Cal. Code Civ.Proc. §

2    405.30).  In addition to alleging a real property claim, the claimant has the burden of

3    establishing the probable validity of that claim.  Section 405.32 states that "the court shall

4    order that the notice be expunged if the court finds that the claimant has not established by

5    a preponderance of the evidence the probable validity of the real property claim."  Cal.

6    Code Civ.Proc. § 405.32.

7    B.      Analysis

8            The court grants Saxon's motion to expunge the lis pendens notice.  As set forth in

9    this court's February 24, 2009 Order, plaintiff's complaint does not allege sufficient facts to

10   state a cognizable claim for relief.  Plaintiff did not file an amended complaint correcting the

11   complaint's deficiencies.  Nor did she file an opposition to the instant motion.  As such,

12   plaintiff has failed to sustain her burden to properly plead a real property claim and to

13   establish the probable validity of that claim.  The lis pendens notice must therefore be

14   expunged.

15                                          **CONCLUSION**

16           For the reasons stated above, the court hereby GRANTS Saxon's motion and

17   orders the lis pendens notice expunged.  IT IS FURTHER ORDERED that this action is

18   DISMISSED with prejudice.  Plaintiff failed to file a timely amended complaint as ordered by

19   the court.  Plaintiff had adequate warning that dismissal would result from non-compliance

20   with the court's order.  The Clerk shall close the file.

21           **IT IS SO ORDERED.**

22   Dated: March 27, 2009

23

24                                                    _____
                                                      PHYLLIS J. HAMILTON
25                                                    United States District Judge

26

27

28